## STATE ex COMMERCIAL INVESTORS CORP v ZANGERLE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12800 Decided June 27, 1932

Max P. Goodman, Cleveland, Max Efros, Cleveland, and Boyd, Brooks and Wickham, Cleveland, for relator.

P. L. A. Lieghley, Cleveland, for defendant.

VICKERY, J.

The writer of this opinion expresses some doubt as to whether the County Commissioners have a right to aid in the extension of a City street wholly within the City limits over which no bridge or other structure which is to be kept up by the County is involved, and thus compel the taxpayers of the whole County to bear a portion of the expense that should more properly be borne by the City which wishes to extend its streets. If such a thing were possible, and it is not necessary to say whether it is in this action, the writer of this opinion can see no reason why, by agreement between the County Commissioners and the authorities of the municipality the taxpayers of the entire County could not be made to bear the expense of the widening and the opening and improvement of streets wholly and entirely within the City. Whether this can be done or not it is not now necessary to decide, for it is settled upon well recognized authority that a writ of mandamus should not be issued by any court against a person unless the duty to perform the act is clear and unequivocal; and if the writ could be lawfully issued, the party against whom the writ is directed would have the legal right and it would be his duty to issue the warrant without such writ.

Now applying that doctrine, can anybody say that the County Auditor would be warranted in issuing a voucher for such a large sum of money as is called for in this

lawsuit, $139,590, or for any sum' for that matter, in the face of an injunction ordering him not to draw said voucher, and that injunction issued by a court of competent jurisdiction, having authority to issue said writ of injunction?

While in this case there was no temporary restraining order granted, yet that does not change the legal aspect of the case. If in spite of the temporary restraining order the Auditor should issue the voucher, he would be liable for contempt of court; no restraining order having been issued, he would not be liable for contempt of court in drawing a voucher. But if in the face of an injunction suit being filed and service being made upon him, he does what it is sought to restrain him from doing by a writ of injunction, treating it as a nullity and nevertheless goes on in spite of it and issues what it is sought to restrain him from doing, and if thereafter the court should hold that the proceedings were illegal, or that the voucher or warrant for the money should not have been issued, or was wrongfully issued, then undoubtedly the County Auditor would be liable on his bond for the wrongful issuance of said warrant; and notwithstanding the County Prosecutor and the Director of Law refused to bring such suit, while it may be indicative of the fact that they did not think the suit was well planted, yet he is a bold man indeed who will undertake to prophesy what the decision of the court will be upon any proposition of law; and if in the present .instance the suit was brought by a reputable and high class lawyer, as in this case, and he should be successful and win the lawsuit and have it sustained by the court of last resort in the State, and this building had been paid for and the voucher issued, the relator would get the money of the taxpayers of the County and the City or County would have upon its hands an apartment house without any use for it whatever; and in the event the Auditor paid it without an order of court, he would clearly be liable upon his bond for the amount of money thus wrongfully paid out in the face of a writ enjoining him from paying it.

How anybody can say, in view of that situation, that the duty of the County Auditor was clear and unequivocal to pay this money, is more than I can understand. If, however, he paid that out under a writ of mandamus from a higher court, if the higher court had any authority to issue the writ under the present circumstances, he probably would be absolved from blame, and the public taxpayers would lose the sum of $139,590, without any redress against anybody, inasmuch as one cannot hold a judge or court for a wrongful decision.

It is argued, however, in this case, that the failure of the County Prosecutor and apparently of the Law Director of the City of Cleveland to bring this suit or their refusal to bring it, is tantamount to an admission that the injunction suit is not well founded, and that this court should compel the person to come into this court, or the prosecutor to, in this court, set forth the real reasons upon which this suit below is predicated. In other words, it is sought to have this court which has in injunction matters only either appellate or error jurisdiction ignore the powers and duties of the court below and to assume original jurisdiction in this court and try out the case as to whether the taxpayer's suit is well planted in the court below.

We do not understand that this court has any such power or that it is the duty of this court so to hold.

It is a well settled doctrine in this state and other states that the court which assumes jurisdiction in the first instance is the court in which the rights must be litigated. In the present case the injunction sought in the Common Pleas Court was filed before the mandamus suit in this court and the party who desires this writ of mandamus to issue and to be made perpetual, if not made a party in that case, has the right to go into that . court and be made a party and then he can contest the right of the taxpayer to win the injunction suit; and if he is successful the Auditor would undoubtedly issue the warrant as he should do without any further action on the part of any court unless the judgment of the court is appealed, and then not until that judgment is finally disposed of would the Auditor be safe in drawing a voucher and handing it to the party who seeks the writ.

In the course of argument and in the briefs two cases have been cited to us: one, a decision of Common Pleas Judge Stevenson, then of the Common Pleas Court and now of the Supreme Court of Ohio, reported in **20 Ohio Nisi Prius Reports, New Series, page 233, entitled State of Ohio ex T. W. Lowe v Cornelius Wilson, Treasurer of Brown County.** An examinaton of that case will show that Judge Stevenson refused the writ, but it is argued that he refused the writ because the Court of Appeals decided a question which was not before them, which indicated that the party bringing the injunction suit had good grounds for bringing it. Inasmuch as that. question was not before the Court of Appeals, we think that was nothing but dicta and was binding upon nobody, and consequently the decision of

Judge Stevenson in the 20 Nisi Prius case is not authority for the proposition that is laid down in this case.

The other case that was cited was in the **43 Oh St 311, The State ex Manix v Auditor of Darke County,** but an analysis of that case will clearly show that there are at least two things in said case which totally changed the aspect of that case from the instant case. In other words, the cases are not parallel and are no authority for this case.

Taking the whole record into consideration, this court can come to no other conclusion but that the answer of the Auditor sets up a complete defense, and said answer is supported by the evidence in this case and that at least at the present stage of the litigation, the relator is not entitled to a permanent writ of mandamus. We can come to no other conclusion, therefore, than that the petition must be dismissed at the costs of the relator.

LEVINE, PJ, and WEYGANDT, J, concur.